IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PRAVEEN KHARB,

                                        Plaintiff,

       v.

ERICSSON, INC., JOHN DOE 1 (President & CEO),
JOHN DOE 2 (Account Manager, C.W.),
JOHN DOE 3 (Account Manager, T.M.),
JOHN DOE 4 (Program Director, C.W.),
JOHN DOE 5 (Program Director, T.M.),
JOHN DOE 6 (Director of Human Resources)
and JOHN DOE 7 (Director of Finance),

                                      Defendants.

ORDER

17-cv-369-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff and prisoner Praveen Kharb has filed a complaint and an amended complaint about events that occurred before he was incarcerated. Plaintiff alleges that he is a citizen of India, but that in 2014 he served as a project manager for defendant Ericsson, Inc., first in California and then in Washington. He asserts several claims related to his employment by Ericsson. He has made an initial partial payment of the filing fee in accordance with 28 U.S.C. § 1915(b)(1), so his amended complaint is ready for screening under 28 U.S.C. §§ 1915(e)(2) and 1915A. Massey v. Helman, 196 F.3d 727, 735 (7th Cir. 1999) ("[W]hen a plaintiff files an amended complaint, the new complaint supersedes all previous complaints and controls the case from that point forward.").

1

Two obvious questions raised by plaintiff's amended complaint are whether this court may exercise personal jurisdiction over any of the defendants and whether venue is appropriate in this district. A federal district court cannot exercise personal jurisdiction over a defendant unless that defendant has certain "minimum contacts" with the state in which the court is located. RAR, Inc. v. Turner Diesel, Ltd., 107 F.3d 1272, 1277 (7th Cir. 1997). Venue generally is not appropriate in a district unless one of the *defendants* resides there or the events giving rise to the complaint occurred there. 28 U.S.C. § 1391(b).

In this case, plaintiff alleges that defendant Ericsson is located in Texas. Although he does not say where the other defendants are located, he alleges that all of the relevant events occurred in California or Washington and he is relying on California and Washington law in his amended complaint. Plaintiff does not identify any contacts that any of the defendants have with Wisconsin. It appears that the only reason that plaintiff filed the lawsuit here is that he is incarcerated at the Jackson Correctional Institution, which is located in Wisconsin. However, he also alleges that his incarceration is "unrelated" to his claims. Am. Cpt. ¶ 21, dkt. #6. The fact that plaintiff is incarcerated here is not sufficient to make an exercise of personal jurisdiction proper or to make venue appropriate. Walden v. Fiore, 134 S. Ct. 1115, 1118 (2014) ("[P]laintiff's contacts with the forum State cannot be decisive in determining whether the [court may exercise personal jurisdiction over a defendant].") (internal quotations omitted); Green v. Beth, No. 15-cv-540-bbc, 2017 WL 436057, at *1 (W.D. Wis. Feb. 1, 2017) ("[T]he convenience of the plaintiff is not a factor that I may consider [in determining proper venue].").

2

Accordingly, I am directing plaintiff to show cause why this case should not be dismissed for lack of personal jurisdiction over the defendants. It makes little sense to require the U.S. Marshals to travel across the country to serve the amended complaint if there is no basis for keeping the case in this district. If plaintiff believes that the case should be transferred instead of dismissed, Cote v. Wadel, 796 F.2d 981, 985 (7th Cir.1986) (court may grant motion to transfer venue without deciding whether court may exercise personal jurisdiction over defendants), plaintiff should explain why he believes the case should be transferred to a particular district.

ORDER

IT IS ORDERED that plaintiff may have until July 13, 2017, to show cause why this case should not be dismissed for lack of personal jurisdiction over the defendants. If plaintiff does not respond by that date, I will dismiss the case.

Entered this 21st day of June, 2017.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge