IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PRAVEEN KHARB,

                                                            ORDER

                Plaintiff,

                                                  17-cv-369-bbc

     v.

ERICSSON, INC., JOHN DOE 1 (President & CEO),
JOHN DOE 2 (Account Manager, C.W.),
JOHN DOE 3 (Account Manager, T.M.),
JOHN DOE 4 (Program Director, C.W.),
JOHN DOE 5 (Program Director, T.M.),
JOHN DOE 6 (Director of Human Resources)
and JOHN DOE 7 (Director of Finance),

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Praveen Kharb is suing defendant Ericsson, Inc. and several of its employees for conduct that occurred while he was a project manager for the company. In an order dated June 21, 2017, dkt. #9, I directed plaintiff to show cause why the case should not be dismissed for lack of personal jurisdiction or improper venue. Plaintiff alleged that Ericsson is located in Texas and the events relevant to the lawsuit occurred in California and Washington, so it did not appear that defendants had any contacts with Wisconsin. Although plaintiff resides in Wisconsin, that is not a relevant factor. Walden v. Fiore, 134 S. Ct. 1115, 1122 (2014) ("Due process limits on the State's adjudicative authority principally to protect the liberty of the nonresident defendant—not the convenience of

1

plaintiffs or third parties.").

In his response, plaintiff does not argue that Wisconsin is a proper venue and he does not identify any contacts that defendants have with this state. Instead, he asks the court to transfer the case to the Eastern District of Texas, where he says that Ericsson is incorporated and has its principal place of business. Dkt. #10. A court may grant a motion to transfer venue rather than dismiss a case for lack of personal jurisdiction, Cote v. Wadel, 796 F.2d 981, 985 (7th Cir. 1986), but only when the plaintiff shows that an exercise of personal jurisdiction would be appropriate in the other district. Jennings v. AC Hydraulic A/S, 383 F.3d 546, 551–52 (7th Cir. 2004).

Plaintiff appears to be half right about defendant Ericsson. Other courts identify Ericsson's state of incorporation as Delaware and the location of its principal place of business as Plano, Texas, which is in the Eastern District of Texas. Kohler v. Ericsson, Inc., 847 F.2d 499, 500 (9th Cir. 1988); TCL Communications Technology Holdings Ltd. v. Telefonaktenbologet LM Ericsson, No. SACV1400341JVSANX, 2014 WL 12606650, at *1 (C.D. Cal. July 28, 2014); Cingular Wireless LLC, v. Freedom Wireless, Inc., No. CV06-1935 PHX JAT, 2007 WL 1876377, at *5 (D. Ariz. June 27, 2007).

A corporation may be sued where its principal place of business is located. BNSF Railway Co. v. Tyrrell, 137 S. Ct. 1549, 1558 (2017). However, the only connection that plaintiff identifies between Texas and the other defendants is that they are Ericsson's employees. He does not allege that the other defendants live or work in Texas. Rather, he says that they supervised him on projects in Washington and California.

"A court may not exercise jurisdiction over individual officers or employees of a corporation merely on the basis of contacts sufficient to justify the exercise of personal jurisdiction over the corporation." 16 Moore's Federal Practice § 108.42[3][b][iii] (3d. 2017). In other words, a court cannot exercise jurisdiction over an employee simply because that employee works for a company that is located in that state. The plaintiff must point to personal contacts between the state and the employee.

Because plaintiff has not shown that each defendant has minimum contacts with Texas, I cannot grant plaintiff's request to transfer the case. However, dismissal of this case does not bar him from filing a new one in an appropriate district. Sikhs for Justice v. Badal, 736 F.3d 743, 751 (7th Cir. 2013) ("Ordinarily a dismissal for want of personal jurisdiction as a result of improper service is without prejudice, leaving the plaintiff free to refile the suit and seek to serve the refiled complaint on the defendant."). If it appears that there is no state where each defendant may be sued, plaintiff may need to drop his claims against some defendants or bring multiple suits in different states.

ORDER

IT IS ORDERED that this case is DISMISSED WITHOUT PREJUDICE for lack of personal jurisdiction. The clerk of court is directed to enter judgment accordingly and close

this case.

    Entered this 17th day of July, 2017.

                                      BY THE COURT:
                                      /s/
                                    BARBARA B. CRABB
                                    District Judge